IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AERO TECH AVIATION DESIGN, LLC,      )
and THOMAS MILLER,                   )
                                     )
                    Plaintiffs,      )
                                     )
v.                                   )        Case No. 15-cv-1373-EFM-TJJ
                                     )
OTTO AVIATION GROUP, LLC,            )
                                     )
                    Defendant.       )

**MEMORANDUM AND ORDER**

This matter is before the Court on the Motion for Leave to Amend Answer and

Counterclaim of Defendant Otto Aviation Group, LLC (ECF No. 54).  Defendant requests an

order granting it leave to file its proposed Amended Answer and Counterclaim to add defenses

and counterclaim allegations based upon information it claims to have recently discovered, after

obtaining native-format Excel files Plaintiffs previously produced in a low resolution and

unreadable pdf format.  Plaintiffs oppose the motion, arguing that Defendant's decision to wait

months to review documents that were produced in January 2016 does not justify amendment of

the answer eight months after the scheduling order deadline. As explained below, the Court finds

Defendant has adequately explained the delay in filing its motion, and any potential prejudice to

Plaintiffs by allowing the late amendment can be cured.  Defendant's motion is therefore

granted.

## I.    PROCEDURAL BACKGROUND

Plaintiffs Aerotech Aviation Design, LLC and Thomas Miller filed this breach of contract

action in Sedgwick County District Court on April 17, 2015.  Plaintiffs allege, *inter alia*,

Defendant Otto Aviation Group and its representatives breached the parties' contract by failing

and refusing to assign engineering projects or work on a prototype aircraft.  In its original

answer, Defendant asserted a counterclaim alleging that Plaintiffs failed to fulfill their

contractual duties by delivering engineering solutions that Defendant could not use in the

development of the aircraft.

After a non-diverse defendant was dismissed, Defendant removed the case to federal

court on November 25, 2015.[1] The Court held a scheduling conference on February 3, 2016 and

entered a Scheduling Order setting a February 16, 2016 deadline for filing motions for leave to

amend or to join additional parties.[2]  The February 16, 2016 amendment deadline was never

extended.[3]

Plaintiffs served their initial Rule 26(a) disclosures on January 27, 2016.[4]  Before the

exchange of initial disclosures, Plaintiffs emailed Defendant inquiring as to the format for

production of the documents. After defense counsel responded and indicated that the documents

should be produced in "pdf" format, Plaintiffs produced them in that format. Included in the

documents produced were some documents labelled "Timesheets" that were originally created

by Plaintiffs as Excel spreadsheets and then converted to a pdf format before production.  These

timesheets listed the hours Thomas Miller and his wife, Leslie Miller, worked on Defendant's

aircraft project.

---

[1] The sole Kansas defendant, Charles Lee, was dismissed from the action by the Sedgwick County, Kansas district court on October 28, 2015.  *See* Exhibit 3 attached to the Notice of Removal, ECF No. 1-3. Defendant Steven Forness was dismissed pursuant to a July 6, 2016 Stipulation of Dismissal. ECF No. 43.

[2] Feb. 9, 2016 Scheduling Order, ECF No. 30.

[3] At the April 14, 2016 discovery conference, the Court granted 60-day extensions of all the *unexpired* case deadlines, but gave Defendant Forness, who had just recently obtained new counsel, a 30-day deadline to file a motion for leave to file a motion to amend the pleadings or add parties. *See* Apr. 14, 2016 Am. Scheduling Order, ECF No. 40, at n.1.

[4] *See* Pl.'s Notice of Service, ECF No. 23.

In August 2016, counsel for Defendant reviewed the pdf timesheets and concluded that they were of no use because the text in the exported version was of such low resolution that it was essentially unreadable.  Defendant then requested that Plaintiffs produce the Excel spreadsheet files in their native format, which Plaintiffs promptly produced on August 22, 2016.

Defendant took the depositions of Plaintiff Thomas Miller on August 23, 2016 and Leslie Miller on August 24, 2016.[5]  Defendant alleges that after reviewing the native-format Excel timesheets and questioning Mrs. Miller about them at her deposition, it discovered the number of hours Plaintiffs billed to Defendant as reflected by the invoices overstated the number of hours actually worked on the project according to Plaintiffs' own timesheets.  Accordingly, on September 2, 2016, Defendant filed the instant motion for leave to amend its answer to assert new defenses and allegations for its counterclaim.

## II.    STANDARD FOR MOTION FOR LEAVE TO AMEND PLEADINGS FILED AFTER THE SCHEDULING ORDER DEADLINE

Federal Rule of Civil Procedure 15 governs amendments to pleadings before trial generally.[6]  Rule 15(a)(2) provides that once the deadline for amendment as a matter of course has passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  If a party is seeking leave to amend the pleadings after the scheduling order deadline, that party must demonstrate both good cause for seeking modification under Rule 16(b)(4), as well as satisfaction of the Rule 15(a) standard.[7]

---

[5] *See* Notice to Take Dep., ECF No. 49.

[6] Fed. R. Civ. P. 15(a).

[7] *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240–41 (10th Cir. 2014) ("We now hold that parties seeking to amend their complaints after a scheduling order deadline must establish good cause for doing so.").

Under Federal Rule of Civil Procedure 16(b)(4), a schedule set out in the scheduling order, including a deadline for filing motions to amend the pleadings, "may be modified only for good cause."[8] The Tenth Circuit has instructed that the Rule 16(b)(4) good cause standard requires a movant to show that scheduling deadlines cannot be met despite the movant's diligent efforts.[9] Rule 16's good cause requirement may be satisfied, for example, if a plaintiff learns new information through discovery or if the underlying law has changed.[10] However, if the plaintiff knew of the underlying conduct but simply failed to raise the claims, this does not establish good cause.[11] "Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."[12]

The Rule 16(b) good cause standard is much different than the more lenient standard contained in Rule 15(a).[13] Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party, but focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment.[14]

---

[8] The Court notes that District of Kansas Local Rule 6.1(a) requires that motions for extensions of time filed after the specified time has expired require a showing of "excusable neglect." The Court here, however, will apply the Rule 16(b)(4) good cause standard required by the Tenth Circuit.

[9] *Gorsuch*, 771 F.3d at 1240; *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001).

[10] *Gorsuch,* 771 F.3d at 1240.

[11] *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1248–49 (10th Cir. 2015).

[12] *Pumpco, Inc.,* 204 F.R.D. at 668.

[13] *Id.*

[14] *Id.*

### III. WHETHER DEFENDANT HAS SHOWN GOOD CAUSE AS REQUIRED BY RULE 16(b)(4)

Defendant filed its motion more than six months after the original February 16, 2016 Scheduling Order deadline for filing motions for leave to amend the pleadings. Defendant must therefore first show good cause why the scheduling deadline could not be met despite its diligent efforts.

Defendant asserts that it only recently obtained legible documents from which it learned the basis for its proposed amendment to its defenses and counterclaim. It claims that the timesheet spreadsheets containing the billing information originally produced by Plaintiffs in pdf format were of such low resolution they were essentially unreadable. Thus, it was only after requesting and receiving native-format versions of the spreadsheets on August 22, 2016, that Defendant discovered the basis for the amendment. In its reply, Defendant points out that Plaintiffs have produced more than 26,000 pages of documents in no discernable order and many pages produced were illegible.

In this case, the Court concludes that despite diligent efforts by Defendant to review the unreadable documents produced by Plaintiffs on January 27, 2016, Defendant likely could not have met the February 16, 2016 deadline for filing a motion to amend the pleadings. The Court has reviewed the timesheet spreadsheets originally produced by Plaintiffs in pdf format, which Defendant attached to its reply,[15] and agrees with Defendant that they are in large part illegible. The poor resolution of the timesheet production combined with the large number of pages of documents produced by Plaintiffs convinces the Court that Defendant could not have reasonably met the deadline, which was less than three weeks after the document production. Even if Defendant had requested legible copies of the timesheets in a more prompt manner and before

---

[15] ECF No. 59-1.

the amendment deadline, Defendant did not depose the Millers until August 23, and 24, 2016

(well before the discovery deadline), which was the first opportunity for Defendant to ask the

Millers in-depth questions about the timesheets.  Moreover, once Defendant deposed the Millers,

it acted promptly in filing its motion requesting leave to amend its answer and counterclaim.

Defendant has therefore shown good cause why the scheduling deadline could not be met despite

its diligent efforts.

## IV.   AMENDMENT UNDER RULE 15(a)

The Court next considers whether Defendant should be granted leave to amend its answer

and counterclaim under the Fed. R. Civ. P. 15(a) standard. Under Rule 15(a), leave to amend a

complaint is freely given "when justice so requires."[16] A party is typically granted leave to

amend under this rule unless there is "a showing of undue delay, undue prejudice to the opposing

party, bad faith or dilatory motive, failure to cure deficiencies by amendment previously allowed,

or futility of amendment."[17] A proposed amendment is futile if the amended complaint would be

subject to dismissal.[18]

Undue delay alone is sufficient to deny a motion to amend; there need not be a showing

of prejudice.[19] In the Tenth Circuit, undue delay may be found "when the party filing the motion

has no adequate explanation for the delay."[20] "The longer the delay, 'the more likely the motion to

---

[16] Fed. R. Civ. P. 15(a)(2).

[17] *Duncan v. Manager, Dep't of Safety, City & Cty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005).

[18] *Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1288 (10th Cir. 2008).

[19] *Cuenca v. Univ. of Kan.*, 205 F. Supp. 2d 1226, 1229–30 (D. Kan. 2002).

[20] *Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1206 (10th Cir. 2006).

amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend.'"[21]

Plaintiffs' primary argument in opposition to the amendment is that Defendant unduly delayed in seeking to amend its answer and counterclaim.  Plaintiffs argue that Defendant's asserted delay in discovering the information forming the basis for the requested amendment was due to Defendant's own failure to timely review the discovery produced in the case.  According to Plaintiffs, Defendant had access to and was in control of the timesheets since January 27, 2016, but simply chose not to look at those documents until eight months later when preparing for the depositions of Thomas and Leslie Miller.

Defendant's motion was filed over six months after the deadline for filing motions to amend the pleadings and seven months after the timesheets were first produced by Plaintiffs in pdf, which was the format requested by Defendant.  Although this is a significant delay, Defendant explains that Plaintiffs' original production of the timesheets in pdf format was of no use to it because the text on the timesheets was of such low resolution that it was essentially unreadable.  It was only after deposing the Millers, and requesting and receiving the timesheets in native-format on August 22, 2016, that Defendant's counsel was able to read the information on the timesheets and discovered the alleged discrepancies in the number of hours actually worked between the timesheets and invoices.

The Court has reviewed the parties' respective exhibits that show the timesheets as they were originally produced in pdf and agrees with Defendant that the print on the timesheets is so tiny, faint, and blurry that the documents are unreadable.  Even when sections of the timesheets are enlarged, as shown in Plaintiffs' Exhibit B to their Response (ECF No. 56-2), the Court finds

---

[21] *Id.* at 1205 (quoting *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004)).

that most of the enlargement is still blurry, faint, and unreadable.  Thus, Defendant could not be expected to discover the billing hours discrepancy from reviewing the unreadable timesheets produced in January 2016.

Plaintiffs' argument based upon Defendant's failure to timely review all the documents produced in January 2016—so that it then could have more timely requested production of the timesheets in a readable format—is not persuasive. If, as Defendant claims, Plaintiffs have produced more than 26,000 pages of documents in no discernable order with many pages not being legible, then this provides additional explanation why Defendant did not request legible copies of the timesheets earlier.  Without any other indication of the alleged discrepancies between the timesheets and invoices, Defendant would have no reason to prioritize its review of the unreadable timesheets.  While moving to amend six months after the amendment deadline is a protracted delay, Defendant has adequately explained the circumstances contributing to the delay.  The poor resolution of the timesheet production combined with the large number of pages of documents produced by Plaintiffs sufficiently explains why Defendant's motion was delayed. After Defendant received the timesheets in their native format on August 22, 2016 and deposed the Millers shortly thereafter, it promptly filed its motion on September 2, 2016.

The Court also considers whether granting Defendant leave to amend its answer and counterclaim at this stage of the case would unduly prejudice Plaintiffs. Under the current scheduling order, discovery is not set to close until October 28, 2016 and the November 30, 2016 deadline for filing dispositive motions has not passed.  Additionally, no trial date has yet been set. Defendant claims that no additional discovery will be needed on its proposed amended counterclaim, and Plaintiffs do not dispute this. They only argue that the spreadsheets that are the basis for Defendant's proposed amendment were in Defendant's possession all along and can be

8

of no surprise to Defendant. In any event, the Court finds that any potential prejudice to Plaintiffs—if they decide to conduct additional discovery on the counterclaim—can be cured through additional discovery (which should be minimal under these circumstances) prior to the discovery deadline or during a brief extension of the discovery deadline.

**IT IS THEREFORE ORDERED THAT** Defendant's Motion for Leave to Amend Answer and Counterclaim (ECF No. 54) is GRANTED.  Defendant Otto Aviation Group, LLC shall electronically file its proposed Amended Answer and Counterclaim within seven (7) days of the date of this Order.

**IT IS SO ORDERED.**

Dated October 5, 2016, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge