UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| AERO TECH AVIATION DESIGN, LLC, | ) | |
| and THOMAS MILLER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 15-cv-1373-EFM-TJJ |
| | ) | |
| OTTO AVIATION GROUP, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER MEMORIALIZING RULINGS FROM
## NOVEMBER 7, 2016 STATUS CONFERENCE

On November 7, 2016, the Court conducted a telephone discovery status conference in this case with the parties. Plaintiffs appeared through counsel, Jeffrey Carmichael. Defendant Otto Aviation Group, LLC ("Otto Aviation") appeared through counsel, Todd Tedesco. This order memorializes the Court's rulings from the conference:

**1.      Defendant's Motion to Stay Discovery (ECF No. 75)**

Defendant has not met its burden to clearly show a compelling reason for issuance of a stay of discovery in this case while its motion for summary judgment is pending.[1] Discovery has been ongoing in this case since Defendant removed the case in December 8, 2015. A stay of discovery at this stage of the case—after Defendant was granted leave to amend its answer and counterclaim and after it filed its motion for summary judgment—is not appropriate. Defendant's Motion to Stay Discovery is denied.

---

[1] See *Accountable Health Sols., LLC v. Wellness Corp. Sols., LLC*, No. 16-CV-2494-DDC-TJJ, 2016 WL 4761839, at *2 (D. Kan. Sept. 13, 2016) (The weight of authority in this District is against granting a stay of discovery and other pretrial proceedings, even when a dispositive motion is pending.).

**2.      Plaintiffs' Motion to Compel (ECF No. 70)**

    **a.      Second Request for Production No. 1 (tax returns)**

Defendant's relevancy objection to Plaintiffs' Second Request for Production No. 1 is sustained. Under the two-pronged test for discovery of tax returns, the Court must find (1) the returns are relevant to the subject matter of the action and (2) there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable.[2] Plaintiffs have failed to convince the Court that the requested tax returns are relevant. The Court further finds that the discovery should not be permitted under Fed. R. Civ. P. 26(b)(2)(C)(i) because the financial information sought can be obtained from sources that are more convenient and less burdensome. Plaintiffs' motion to compel Request for Production No. 1 is denied.

    **b.      Second Request for Production No. 2 (accounting records, financial statements, monthly profit and loss statements, cost analysis or summaries for Celera 500L project)**

Defendant's relevancy objection to Request for Production No. 2 is overruled. Although the Court questions whether the requested financial information for Defendant is pertinent, Plaintiffs have sufficiently convinced the Court of its relevance to their defenses to Defendant's counterclaim. The Court will therefore grant Plaintiffs' motion but only for certain categories of documents. The Court finds Request for Production No. 2's request for "accounting records" is too broad, and Defendant will not be compelled to produce the generic category of its "accounting records." The Court, however, grants Plaintiffs' motion to compel Request for Production No. 2 as

---

[2] *Gust v. Wireless Vision, L.L.C.*, No. 15-2646-KHV, 2015 WL 9462078, at *7 (D. Kan. Dec. 24, 2015)(citing *Hilt v. SFC Inc.*, 170 F.R.D. 182, 189 (D. Kan. 1997)).

to the remaining categories of documents requested as follows:

- Defendant shall produce annual financial statements for 2013 and 2014;

- Defendant shall produce monthly profit and loss statements for 2013 and 2014; and

- Defendant shall produce cost analysis or summaries for the Celera 500L project from 2013 to the present date.

**c.      Second Request for Production No. 3 (cost breakdowns)**

Defendant's relevancy objection to Request for Production No. 3 is overruled. Defendant shall produce copies of costs breakdowns for the development of the Celera 500L project, including detailed summaries or analysis of engineering costs for the project, but limited to the time period 2013 to the present date.

**d.      Second Request for Production No. 4 (accounting for engineering expense)**

Defendant's relevancy objection to Request for Production No. 4 is overruled. Defendant shall produce copies of annual or other periodic basis accounting from 2013 to present date relating to the payment of engineering expense for the design of engine integration, main landing gear design, nose landing gear design, aircraft fuel systems and cockpit design.

**e.      Second Request for Production No. 6 (third-party reports)**

Defendant's relevancy objection to Request for Production No. 6 is overruled. Defendant shall produce the DAR Report and any other reports provided to Defendant by any third parties or outside consultants hired to review the viability, airworthiness, design or any other engineering related issue for the Celera 500L aircraft.

3

3.      **Plaintiffs' Motion to Amend Scheduling Order (ECF No. 77)**

In light of the agreed upon November 17, 2016 deadline for Defendant to produce the discovery ordered herein and to serve its responses to outstanding discovery requests, the Court finds good cause to extend the Scheduling Order deadlines as requested in Plaintiffs' Motion to Amend Scheduling Order. After consultation with the parties, the Court amends the following case deadlines as set forth in the chart below (previously expired deadlines other than those referenced below remain unchanged):

| SUMMARY OF AMENDED DEADLINES AND SETTINGS | |
|---|---|
| Event | Deadline/Setting |
| All discovery completed | **November 30, 2016** |
| Plaintiffs to file their response in opposition to Defendant's Motion for Summary Judgment (ECF No. 73) | **November 28, 2016** |
| Motions challenging admissibility of expert testimony | **42 days before trial** |
| Proposed pretrial order due | **December 30, 2016** |
| Pretrial conference before Magistrate Judge in KC Courtroom 236 but may be converted to telephone conference | **January 11, 2017 11:00 AM** |
| Court Trial in Wichita – ETT 8 days | **Will be set at Pretrial Conference** |

**IT IS THEREFORE ORDERED** that Defendant's Motion to Stay Discovery (ECF No. 75) is denied.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Compel (ECF No. 70) is granted in part and denied in part. Defendant shall produce all documents responsive to Plaintiffs' Second Request for Production Nos. 2, 3, 4 and 6 as ordered herein by **November 17, 2016**. Defendant is

4

further granted an extension until **November 17, 2016** to serve its responses to all Plaintiffs'

outstanding written discovery requests.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Amend Scheduling Order (ECF

No. 77) is granted, as set forth in the chart above.

**IT IS FURTHER ORDERED** that each party shall bear its own costs related to Plaintiffs'

Motion to Compel.

IT IS SO ORDERED.

Dated November 8, 2016, at Kansas City, Kansas.

_Teresa J. James_

Teresa J. James
U. S. Magistrate Judge